HERBERT M. ANDERSON ET AL., APPELLANTS, V. R. C. NOLEMAN ET AL., APPELLEES.

FILED OCTOBER 6, 1911. No. 16,514.

Evidence. Where the evidence relating to an issue of fact in an equity case is in direct conflict, the finding should be in favor of the party whose proofs are the more convincing, after all of the competent testimony and the credibility of the witnesses have been considered.

APPEAL from the district court for Box Butte county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*William Mitchell* and *Eugene Burton,* for appellants.

*Boyd & Barker, contra.*

ROSE, J.

This is an action to quiet title to a quarter section of land in Box Butte county. The district court rendered a decree in favor of defendants, and plaintiffs have appealed.

Plaintiff Herbert M. Anderson became the patentee January 13, 1894. To secure a 200-dollar note, he and his wife had mortgaged their interest in the land to the Bank of Commerce of Grand Island May 19, 1893, and subsequently Daniel Richey by assignment became the owner of the security. Anderson neither paid the amount due on the note nor the taxes levied against the land. At private tax sale T. M. Lawler purchased the property from the county treasurer, and commenced a suit to foreclose his tax lien October 1, 1903. By cross-petition therein, Richey demanded a foreclosure of his mortgage. Both liens were foreclosed; the sheriff selling the land to R. C. Noleman, July 12, 1904.

Anderson alleged and offered proof tending to show, in substance, these facts: He furnished Noleman $400, and borrowed from him $161. With these sums Noleman purchased the land at sheriff's sale in his own name for the benefit of Anderson, under an agreement to reconvey the title upon receiving payment of his loan of $161. Afterward Anderson paid the amount due, and Noleman and wife gave him a quitclaim deed November 15, 1905, which he immediately offered for record, but which, for want of an acknowledgment, was not recorded. December 7, 1904, it was returned to and acknowledged by grantors and delivered to Anderson, who, without having it recorded, deposited it in a trunk in his house in Box Butte county. Before he had time to record it he was arrested for cattle-stealing and taken to Cheyenne county for trial, where he remained until imprisoned in the penitentiary for that offense. During his imprisonment, between December 10 and December 24, 1904, Noleman went to Anderson's house and procured the deed, saying to S. H. Wirts, the person in charge, that it was in Anderson's trunk. Before the latter date Noleman obtained from Anderson's father, Ole K. Anderson, a quitclaim deed to the land, stating it had been deeded to him after the sheriff's sale, and promising to act as attorney for the son in the prosecution for cattle-stealing. March 23, 1905, Noleman and

wife executed and delivered to W. P. Miles, who was also attorney for the defendant in the criminal prosecution, a quitclaim deed to an undivided half of the land. Later both of the attorneys conveyed their interests to defendant George W. Zoble. On proof tending to show the facts to be as thus narrated, plaintiffs contend that Anderson owns the land, that Noleman acquired no title or interest under the quitclaim deed executed by the senior Anderson, and that it and all of the subsequent conveyances described should be canceled.

In defense Zoble pleaded, and adduced evidence tending to show, that Ole K. Anderson, father of plaintiff Herbert M. Anderson, was the *bona fide* grantee in the unrecorded quitclaim deed executed and acknowledged by Noleman and wife December 7, 1904, and that they never made a conveyance to the son, who lost his title through the sheriff's sale.

On the issue of fact outlined, the evidence is conflicting. There is direct proof on both sides, but no principle of law or rule of evidence would be developed by a discussion of the testimony in detail. It would be unprofitable to extend the opinion to a length necessary for that purpose. The entire bill of exceptions, however, has been carefully considered with a view to arriving at the truth. The proofs in favor of the defense are the more convincing. Incidents outside of the direct evidence, when considered therewith, lead to a finding that the senior Anderson, and not his son, furnished the money received by Noleman, and that he was in fact Noleman's *bona fide* grantee. This conclusion is in harmony with the finding of the trial court. With the issue defined thus determined, other questions presented need not be considered.

The decree below is without error, and is

AFFIRMED.